**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENA TRULLINGER, et al., | ) Case No.: 1:12-cv-00527 JLT |
|        Plaintiffs, | ) ORDER APPOINTING DENA TRULLINGER AS |
| v. | ) GUARDIAN AD LITEM FOR THE MINOR ) PLAINTIFF |
| UNITED STATES POSTAL SERVICE, et al., | ) (Doc. 19) |
|        Defendants. | ) |

On July 23, 2012, Plaintiff Dena Trullinger filed an application requesting appointment as guardian ad litem for Jack Trullinger, a minor who seeks to pursue a claim against the defendants. (Doc. 19)  For the following reasons, Plaintiff's application to be appointed as guardian ad litem is **GRANTED**.

**I.      Legal Standards**

Plaintiff initiated this action seeking to recover damages individually and behalf of her son, Jack as a result of injuries they claim they suffered on April 12, 2010.  (Doc. 1 at 3)

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem."  Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*.

1

The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b).  Here, the child is domiciled in California, and the law of the state governs. Under California law, an individual under the age of eighteen is a minor, and a minor may bring suit as long as a guardian conducts the proceedings.  Cal. Fam. Code §§ 6502, 6601.  A guardian ad litem may be appointed to represent the minor's interests.  Cal. Code Civ. P. § 372(a).

In determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the guardian have divergent interests.  Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation."  *Id.* at 50.

**II.     Discussion**

Jack is the son of Plaintiff, and was born on December 8, 2007.  (Doc. 119 at 1).  Because Jack is under the age of eighteen, he is a minor under California law.  *See* Cal. Fam. Code § 6502.  As a minor, his ability to bring suit is contingent upon appointment by the court of a guardian ad litem.

Upon review of the Second Amended Complaint, it does not appear there are adverse interests. Although Plaintiff is pursuing claims on behalf of herself as well as the child, the claims are not in conflict.  Therefore, Plaintiff's appointment as guardian ad litem for her son is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing "[a] parent is generally appointed guardian ad litem").

**III.     Conclusion and Order**

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court."  *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986).  Here, it

does not appear Plaintiff has divergent interests, and as such she may be appointed to represent the interests of her son.  Therefore, the Court is acting within its discretion to grant Plaintiff's application.

Accordingly, **IT IS HEREBY ORDERED**:

1.     The application for appointment of Dena Trullinger as guardian ad litem for Jack Trullinger is **GRANTED**; and

2.     of Dena Trullinger is appointed to act as guardian ad litem for plaintiff, Jack Trullinger and is authorized to prosecute this action on his behalf.

IT IS SO ORDERED.

Dated:   __July 31, 2012__                      _____/s/ **Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE

3