BENJAMIN B. WAGNER
United States Attorney
BENJAMIN E. HALL
GREGORY T. BRODERICK
Assistant United States Attorneys
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Defendant
United States of America

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENA TRULLINGER, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>        Defendants. | CASE NO.  1:12-cv-0527-JLT<br><br>**STIPULATION OF DISMISSAL AND ORDER**<br><br>(Doc. 42) |

    Pursuant to Federal Rule of Civil Procedure 41(a)(2) and Local Rule 160(b), Plaintiffs Dena Trullinger, Chad Trullinger, and Jack Trullinger, by and through his guardian ad litem Dena Trullinger (collectively, "Plaintiffs") and Defendants United States of America and the United States Postal Service (collectively, "Defendants") hereby stipulate to the dismissal of this matter with prejudice.

    This case arose out of an accident between a vehicle driven by Plaintiff Dena Trullinger and a United States Postal Service vehicle in April 2010 in Bakersfield, California.  Ms. Trullinger alleged that the accident was the cause of a back surgery and led to various other damages, including pain and suffering and loss of income.  Her husband, Plaintiff Chad Trullinger, alleged loss of consortium.  Plaintiff Jack Trullinger, who was two years and four months old at the time of the accident and was travelling in the vehicle with his mother, allegedly bumped his head against a portable DVD player affixed to the seat in front of him.  Although Plaintiffs' original claim included allegations of brain injury to Jack Trullinger, his claim at trial would be limited to alleged post-

traumatic stress disorder ("PTSD") from the accident.

On November 26, 2013, the parties engaged in mediation with Jerry Spolter, Esq., at JAMS in San Francisco.  With Mr. Spolter's aid, the parties reached an agreement whereby Plaintiff Dena Trullinger will be paid a sum certain in exchange for a dismissal of her claims, and Plaintiffs Chad Trullinger and Jack Trullinger will dismiss their claims with prejudice.  Each side is to bear its own fees and costs.

Where all parties have stipulated to dismissal with prejudice, dismissal is appropriate without order of the Court.  *See* Fed. R. Civ. P. 41(a)(1)(A)(ii).  Plaintiff Jack Trullinger is a minor, however.  It thus appears appropriate for the parties to request this Court's approval of their joint request to dismiss his claim.  *See*, *e.g.,* Local Rule 202(b)(2) (requiring federal court approval for settlement or compromise of a minor's claim in matters in which the federal court has exclusive jurisdiction).

The parties agree that this settlement is in the best interest of all involved.  While Plaintiff Dena Trullinger underwent back surgery and alleges difficulty with walking and other daily activities, Plaintiff Jack Trullinger's alleged injuries are, at this stage of the litigation, limited to PTSD and involve fear of traveling in the family's truck.  There is no evidence of brain injury, no evidence of residual effects of concussion, and no evidence of permanent injury to the child.  Dena Trullinger, who was appointed guardian ad litem for Jack Trullinger on July 31, 2012 (Doc. 24), concurs that this settlement is in his best interest.  As a practical matter, Jack Trullinger will enjoy significant collateral benefits from this settlement.  The settlement funds will assist the family in moving from their temporary living quarters to a more permanent and stable home, and will permit their family to resolve some or all of their outstanding medical bills.  Thus, Plaintiff Jack Trullinger will benefit even if he does not receive funds directly.

Finally, Plaintiffs make the following disclosures pursuant to Local Rule 202(c) ("When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed.")  Plaintiff Jack Trullinger is represented by attorneys Craig Edmonston and Timothy Lemucchi.  Pursuant to the Federal Tort Claims Act, their combined fee may not exceed 25% of the recovery.  *See* 28 U.S.C. § 2678.  Plaintiffs' counsel expect to receive 25% of the recovery to Ms. Trullinger.  Neither Mr. Edmonston nor Mr. Lemucchi

**STIPULATED DISMISSAL AND ORDER**                                                                                                2

became involved in the application in this matter at the instance of the United States, nor do they have any relationship to the Defendants.

Based on the foregoing, the parties respectfully request that this Court dismiss this entire action with prejudice.

RESPECTFULLY SUBMITTED,

DATED: December 18, 2013            BENJAMIN B. WAGNER
                                    United States Attorney


                          By:   /s/ Benjamin E. Hall
                                BENJAMIN E. HALL
                                Assistant United States Attorney
                                Attorney for Defendants


DATED: December 18, 2013

                          By:   /s/ Craig A. Edmonston
                                CRAIG A. EDMONSTON
                                Attorney for Plaintiffs

DATED: December 18, 2013

                          By:   /s/ Timothy J. Lemucchi
                                TIMOTHY J. LEMUCCHI
                                Attorney for Plaintiffs

## ORDER

Based upon the foregoing, the Court notes the stipulation recites the child's age and gender and the facts and circumstances of the incident giving rise to the injuries, the causes of action and the nature of the injuries upon which his causes of action are based, likewise, are recited. The Court has been informed as to the residual minimal impact on the child and notes the guardian ad litem concurs in the dismissal of the child's claims without payment and believes the settlement is in the child's best interests. Based upon these agreed-upon facts, the Court **ORDERS**:

1. Plaintiff's counsel are relieved of the obligations set forth in Local Rule 202(b)(2) to file a noticed motion pursuant to Local Rule 230 to compromise the child's claims;

2. The stipulated minor's compromise is **APPROVED**;

3. The matter is **DISMISSED WITH PREJUDICE** as to all claims, including those

**STIPULATED DISMISSAL AND ORDER**                                               3

brought by the minor through his guardian ad litem.

IT IS SO ORDERED.

   Dated: __**December 18, 2013**__            _____**/s/ Jennifer L. Thurston**
                                                                     UNITED STATES MAGISTRATE JUDGE